UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01342-JES-JAG |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-12, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
MOTION TO QUASH [CM/ECF 8]**

Plaintiff respectfully requests this Court deny Defendant's motion, [CM/ECF 8] because Defendant has not provided a valid reason to quash the subpoena. Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See Fed. R. Civ. P. 45(c)(3)(A)(i-iv)*. The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See Fed. R. Civ. P. 45(c)(3)(B)(i-iii)*. Defendant has failed to demonstrate any of the requirements of Rule 45(c)(3) and therefore has no valid ground on which to argue for this Court to quash the subpoena. Accordingly, Defendant's motion should be denied.

Although Defendant denies having committed the alleged infringement, Defendant's denial is not properly considered at this stage of the litigation since it is well settled law that, "[a] general denial of liability is not relevant as to the validity or enforceability of a subpoena, but

1

rather should be presented and contested once parties are brought properly into the suit." F*irst Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (citing *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co.*, 736 F.Supp.2d at 215).  *See also e.g. First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 256-57 (N.D. Ill. 2011) (same); *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of engaging in copyright infringement is not a basis for quashing the plaintiff's subpoena.").  Further, Defendant's ISP (Comcast) provides in its subscriber agreement that the subscriber has "sole responsibility for ensuring that all other users understand and comply with the terms and conditions . . . including, but not limited to, acceptable use and privacy policies."[1]  Although Defendant has implicated other members of the household who may have committed the infringement, Defendant's identifying information is still relevant and discoverable in light of the broad scope of discovery provided for under Rule 26(b)(1) of the Federal Rules of Civil Procedure.  "Parties may obtain discovery regarding . . . the identity and location of persons who know of any discoverable matter." *Fed. R. Civ. P. 26(b)(1)*.  Accordingly, "[t]he only way Plaintiff has to actually identify these John Does – so that service of process may be had and the case may truly commence – is to obtain that information from the Internet Service Providers (ISP)."  Order [CM/ECF 7].

Without obtaining the subpoena response from Defendant's ISP, Plaintiff would not know who it is serving and would be unable to verify any asserted defenses.  "Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number.  Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy."  Order [CM/ECF 7].  Accordingly, Plaintiff respectfully requests the Court allow it to obtain the subpoenaed information from Defendant's ISP so that it may ascertain the identity of

---

[1] *http://www.comcast.com/Corporate/Customers/Policies/SubscriberAgreement.html* at ¶ 7

the alleged infringer and evaluate the propriety of proceeding with its claim for copyright infringement against this Defendant.

Dated: January 7, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*